RECEIVED

NOV 1 0 1999

REGIONAL DEPARTMENT
GARNACHO LOPEZ LEGAL LIBRARY

# 99 DTA 140

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

ANGEL NOLASCO TORRES
Querellante-Recurrido

v.

MITSUBISHI MOTOR SALES OF CARIBBEAN, INC.
Co-Querellado-Recurrente

HYUNDAI DE BAYAMON, CARIBE PARTS & SERVICE
Y SCOTIABANK DE PUERTO RICO
Co-Querellados

Núm. KLRA-99-00105

San Juan, Puerto Rico, a 4 de mayo de 1999

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Aponte Jiménez y Giménez Muñoz

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La parte recurrente, Mitsubishi Motor Sales of Caribbean, Inc. h/n/c Hyundai de Puerto Rico (Mitsubishi), solicita revisión de la resolución emitida por el Departamento de Asuntos del Consumidor (D.A.C.O.) mediante la cual se le ordenó, junto a otros coquerellados, recoger y reparar el vehículo del Sr. Angel Nolasco Torres y compensarle con la suma de $250.00 por daños y perjuicios.

Mitsubishi alega que erró D.A.C.O. al ordenarle indemnizar al señor Nolasco en daños y perjuicios, cuando no se solicitó en la querella compensación por daños o remedio similar, ni se desfiló prueba alguna de daños durante la vista administrativa. Además, plantea que erró D.A.C.O. al determinar que Mitsubishi fue negligente en el cumplimiento de sus obligaciones.

Examinado el expediente ante nos, las alegaciones de las partes y el derecho aplicable, procede denegar la expedición del recurso.

Conforme el expediente, el señor Nolasco presentó querella ante D.A.C.O. en la cual alegó que compró un vehículo Hyundai en Hyundai de Bayamón, que lo llevó al taller de la firma para el arreglo de un desperfecto que todavía persistía, a pesar de que lo llevó varias veces al taller por lo mismo. Solicitó que se reparara el vehículo en su totalidad.

Previa vista administrativa, D.A.C.O. emitió la resolución recurrida en la que encontró probados los siguientes hechos. El 3 de marzo de 1998 el señor Nolasco transportó su vehículo en grúa al taller de la coquerellada Caribe Parts & Service porque en ocasiones presentaba problemas al encenderlo. Allí le reemplazaron la batería. El 24 de junio de 1998 lo llevó nuevamente a Caribe Parts & Service por el mismo problema. El señor Cartagena, de ese taller, le indicó que regresara la próxima semana, ya que el técnico de Mitsubishi sólo iba el martes. El señor Nolasco hizo varias gestiones para que recibieran su vehículo y verificaran el problema, pero fueron infructuosas. El 22 de julio de 1998 Hyundai de Bayamón envió un representante a la residencia del señor Nolasco para recoger su vehículo; fue transportado en grúa porque no prendía. El 27 de julio de 1998 el señor Nolasco fue a recoger el vehículo porque le indicaron que había sido reparado, sin embargo continuó presentando el mismo problema. Por instrucciones de D.A.C.O. el 12 de agosto de 1998 el señor Nolasco llevó su vehículo nuevamente a Caribe Parts & Service donde le indicaron que no podían trabajar en él sin autorización expresa de Mitsubishi. El señor Nolasco hizo varias llamadas a Mitsubishi para saber qué sucedía con la autorización necesaria, pero no recibió contestación. Al 10 de septiembre de 1998, día de la vista administrativa, las partes querelladas no habían intervenido con el vehículo. El Sr. Jaime Alberty, testigo de Mitsubishi, declaró que no tenía conocimiento que el vehículo se encontraba en el taller de Caribe Parts & Service en espera de autorización de Mitsubishi y que el vehículo tiene garantía y estaban dispuestos a honrarla.

D.A.C.O. ordenó la reparación del vehículo y el pago de $250.00 en daños y perjuicios al señor Nolasco por Mitsubishi y otras coquerelladas por haber sido negligentes en su obligación, en específico por *"retener su*

*vehículo por más de un mes sin intervenir con él, en alegada espera de una autorización expresa para proceder con una reparación"*. Apéndice del recurso, pág. 4.

Mitsubishi solicitó reconsideración cuestionando ciertas determinaciones de hechos y la imposición de daños y perjuicios. D.A.C.O. atendió ésta y emitió resolución fundamentada denegatoria de la reconsideración. ■

Al ejercer nuestra función revisora de determinaciones de agencias administrativas nos corresponde determinar si la agencia actuó de manera arbitraria, ilegal, o tan irrazonablemente que su actuación constituyó un abuso de discreción. También, debemos determinar si las decisiones del organismo administrativo se basan en evidencia sustancial que obra en el expediente administrativo o están huérfanas de prueba sustancial en la totalidad del récord. *Misión Industrial de P.R. v. Junta de Planificación, et als,* ___ D.P.R. ___ (1997), **97 J.T.S. 34,** pág. 719; *Fuertes y otros v. A.R.P.E.,* 134 D.P.R. ___ (1993), **93 J.T.S. 165,** pág. 11383; *Murphy Bernabé v. Tribunal Superior,* 103 D.P.R. 692 (1975); sección 4.5 de la Ley Núm. 180 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2175.

Analizados los planteamientos a la luz de esas normas, determinamos que la imposición de los $250.00 en daños y perjuicios y la determinación de negligencia de Mitsubishi, cuestionadas por ésta, están amparadas en las determinaciones de hechos y en el derecho. Veamos.

En cuanto a los daños y perjuicios, D.A.C.O. está facultado a otorgar en toda resolución el remedio que en derecho proceda, aun cuando la parte querellante no lo haya solicitado. Reglamento Núm. 5416 de 24 de abril de 1996 (el Reglamento), sec. 28.1, 10 R.P.R. sec. 250.26 (1). Así, pues, es inconsecuente la alegación que en la querella el señor Nolasco sólo solicitó la reparación total del vehículo.

Aparte de ello, la prueba demostró que el señor Nolasco se vio privado del uso del vehículo por más de un (1) mes a causa de la alegada falta de autorización de Mitsubishi para su reparación, privación que implica daños. La Regla 17.2 del Reglamento permite que se entienda enmendada la querella durante la vista administrativa para ajustarla a la prueba presentada.

En definitiva, la determinación de daños y perjuicios está amparada en la prueba, en las facultades de D.A.C. O. y en las normas generales de responsabilidad dispuestas en el Código Civil que disponen que quedan sujetos a la indemnización de los daños y perjuicios causados los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad o que de algún modo contravinieren aquéllas. Artículo 1054, 31 L.P.R.A. sec. 3018.

Para refutar que medió prueba de negligencia, Mitsubishi alega que la determinación de hechos número ocho (8) de la resolución es incorrecta o incompleta, ya que no toma en cuenta lo expuesto en el informe técnico del investigador de D.A.C.O. En esa determinación se expresó.

*"8. No es hasta el 22 de julio de 1998 que envían un representante de la coquerellada Hyundai de Bayamón a la residencia del querellante a recoger su vehículo. Se llevaron el vehículo en grúa, ya que el mismo no prendía."*

En el aludido informe el investigador señaló que el 23 de julio de 1998, fecha de su visita, el señor Nolasco le informó que el día anterior (22 de julio) el vehículo no funcionó, que lo llevaron en grúa, lo bajaron de ésta y funcionaba. El 23 de julio, el auto encendió, sólo se notó que no prendía en neutro, se corrigió, se dejó para cotejar en dos días. Apéndice del recurso, pág. 20.

Tal como expresó D.A.C.O. en su resolución en reconsideración, no hay incompatibilidad en lo expresado en su resolución y en el informe. El hecho de que el vehículo encendiera al bajarlo de la grúa, sustenta la determinación que el problema del vehículo era intermitente y que requiere que se realicen pruebas más detenidas para corregirlo. La determinación de hechos recoge lo informado por el querellante.

Mitsubishi reconoce que sólo ha realizado tres (3) reparaciones menores, que no han corregido el desperfecto del vehículo, que se encuentra aún en garantía. Todo lo anterior, unido al período que estuvo el vehículo en el taller en espera de la autorización de Mitsubishi para ser reparado, sustentan la determinación de negligencia.

En conclusión, no tenemos base alguna para intervenir con la resolución recurrida en los asuntos señalados en el recurso.

En virtud de todo lo anterior se deniega la expedición del recurso.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 99 DTA 140**

**1.** Contrario a lo que alega Mitsubishi, la resolución en reconsideración fue emitida y notificada (el 11 de febrero de 1999) dentro del término de noventa (90) días de presentada la moción de reconsideración que fue acogida el 13 de noviembre de 1998. Debido a que la moción de reconsideración fue presentada el 29 de octubre de 1998 cuando los términos administrativos se encontraban interrumpidos a causa de lo dispuesto en la R.C. 633 de 2 de diciembre de 1998, dicho término comenzó a decursar el 17 de noviembre de 1998, cuando finalizó la interrupción, y culminó el 16 de febrero de 1999.